Jones and Wachtler, JJ.
(dissenting). The order of the Appellate Division should be reversed and the complaint dismissed.
The parties entered into a contract for the sale of yarn which provided that all disputes arising from that transaction would be submitted to arbitration. The yarn was delivered and when the purchaser failed to pay for the yarn the seller instituted an arbitration proceeding to recover the purchase price of $64,000. In addition to referring to the sales contract, and describing delivery of the yarn, billing by the seller and nonpayment by the purchaser, the demand for arbitration specifically referred to the belated contention of the purchaser that the yarn delivered had proved to be defective. Some time later the purchaser sought to have included in the arbitration proceeding a counterclaim of $170,500 based on allegations that the yarn was defective. After "careful consideration” the arbitrators declined to hear the counterclaim, and following hearings granted the seller an award of $64,000 for the purchase price. The purchaser then brought the present warranty action for damages for alleged defects in the yarn. The Appellate Division affirmed the Supreme Court’s denial of the seller’s motion to dismiss the complaint.
In our analysis, the purchaser’s claim that the yarn was defective could have been made the basis of a defense, or a counterclaim, or both. In either event the underlying factual issue would be the same—was the yarn defective?
We can find no basis in the record before us that in refusing to consider the counterclaim advanced by the purchaser in an amount nearly three times the purchase price, the arbitrators *506 thereby excluded for all purposes the issue of claimed defectiveness which had been identified in the original demand for arbitration. This issue was necessarily passed on by the arbitrators in determining the merits of the seller’s claim. To prevail, it was incumbent on the seller to establish that the goods complied with the contract, that is, not defective. Thus, the question of whether or not the yarn was defective must be deemed to have been before the arbitrators, at least as a defense. Nor may the purchaser avoid this conclusion by asserting that it was not pressed; the determinative factor is that it could have been asserted. The issue having been resolved or deemed to be resolved against the purchaser, the latter is bound for all purposes by the adverse arbitration award and may not be permitted now to raise the same issue in a subsequent judicial action.
It must be emphasized that the entire dispute between the parties under the sales contract was submitted to the arbitrators by the seller’s demand. If any error was committed by the arbitrators in failing either to entertain the counterclaim, or to consider for any purpose at all the purchaser’s claim that the yarn was defective, or to find that the yarn was in fact defective, that error would be beyond the reach of judicial review or intervention. (Matter of Weinrott [Carp], 32 NY2d 190, 194; Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 NY2d 621, 626.) Having chosen the arbitration forum for the resolution of their disputes, the parties are now bound by the resulting award.
Chief Judge Breitel and Judges Jasen, Gabrielli, Fuchs-berg and Cooke concur in memorandum; Judges Jones and Wachtler dissent and vote to reverse in a separate memorandum.
Order affirmed, etc.